**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| CARNIE NORRIS, III,<br>Plaintiff, | §<br>§<br>§ | |
| vs. | § | Civil Action No.: 8:25-11911-MGL |
| SOUTH CAROLINA DEPARTMENT OF CORRECTIONS,<br>Defendant. | §<br>§<br>§<br>§ | |

**MEMORANDUM ORDER AND OPINION**
**ADOPTING THE REPORT AND RECOMMENDATION IN PART,**
**DENYING PLAINTIFF'S MOTION TO REMAND,**
**GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**
**AND RESOLVING ALL REMAINING MOTIONS AS DESCRIBED HEREIN**

## I. INTRODUCTION

Plaintiff Carnie Norris, proceeding pro se, filed this action in the Richland County Court of Common Pleas against the South Carolina Department of Corrections (SCDC). SCDC timely filed a notice of removal asserting this Court has federal question jurisdiction under 28 U.S.C. § 1331. Norris then filed a motion to remand the case to state court.

The matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting the Court grant Norris's motion. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

Also pending before the Court is SCDC's subsequently filed partial motion to dismiss, as well as several other motions the parties filed which the Court will detail below.

## II. FACTUAL AND PROCEDURAL HISTORY

The Court will adopt and incorporate herein the extensive procedural and factual history as stated in the Report. By way of summary as relevant here, Norris filed the complaint in state court asserting this is a "tort claim action," Compl. ¶¶ 4, 5, despite also alleging "a First Amendment violation," Compl. ¶ 51. Norris identified the nature of his action as a "personal injury" in tort. Compl. at 1. He seeks solely monetary relief. Report at 18; Compl. at 26.

The essence of Norris's claim is SCDC staff opened his legal mail without justification, which "impinges upon Plaintiff's right to freedom of speech" and was also "in violation of S.C. Const. Art. I, § 10" as well as SCDC policy and state statute. Compl. at 16. Because of the facially federal allegation—e.g. invocation of the "First Amendment," Compl. at 16—SCDC removed the case.

Once removed, Norris immediately indicated he lacked any intention to assert federal claims. *See* Plaintiff's Objection to Defendant's Notice of Removal at 4 ("The plaintiff did not file a civil rights action as the defendants claim. The plaintiff filed a state tort action."). As explained in the Report, he has indicated he asserts claims solely under state law.

In recommending the Court grant Norris's motion to remand, the Magistrate Judge "conclude[d] based on Plaintiff's submission and clarifications, that Plaintiff has in fact not asserted claims pursuant to [42 U.S.C.] § 1983 and therefore this action should be remanded to state court." Report at 14. The Magistrate Judge recommends this Court hold "Defendant's asserted basis for federal question jurisdiction does not exist," and thus the case should "be remanded to state court." Report at 18. The Magistrate Judge filed the Report on December 4, 2025. SCDC timely filed objections to the Report on December 23, 2025. Norris declined to file a reply.

Following the Report, SCDC filed a partial motion to dismiss with prejudice any claim Norris brought under § 1983 or the United States Constitution. Norris filed a response in opposition, asserting again he brings claims solely pursuant to state law. He also filed two additional motions to remand. Finally, Norris's motion for summary judgment, motion for judgment on the pleadings, motion to amend the complaint, and "motion for change of venue in state court" are also pending before the Court.

## III. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## IV. DISCUSSION AND ANALYSIS

The Magistrate Judge reasoned "the Complaint could be understood to assert claims under § 1983" if it were "liberally construed," but Norris's unambiguous intention has been to eschew any federal claims. Report at 14-15.

First, SCDC objects to the Report because the complaint "alleges violations of Plaintiff's First and Fourteenth Amendment rights under the United States Constitution." Objections at 1. It then refers to several paragraphs and pages of the complaint in which Norris does in fact refer to the First and Fourteenth Amendments. Objections at 1; *e.g.* Compl. ¶ 66, p. 16.

Norris repeatedly, clearly, and unambiguously referenced the First and Fourteenth Amendments in his complaint. Those references can only be understood as allegations of a federal constitutional violation. Thus, he brought claims "arising under" federal law, 28 U.S.C. § 1331, so this Court has subject matter jurisdiction over the claims and remand for lack of jurisdiction would be improper. Therefore, SCDC's objection will be sustained and Norris's motion to remand will be denied.

SCDC further argues this Court should "dismiss with prejudice all United States constitutional claims made in Plaintiff's Complaint . . . ." Objections at 4. It contends "SCDC, a state agency, is not a 'person' within the meaning of that statute." Objections at 4.

Section 1983, by its text, provides a remedy against "[e]very person" causing violations of federal law under color of state law. 42 U.S.C. § 1983. The State—and its subdivisions, such as SCDC—are not persons under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

Therefore, Norris's claims brought under § 1983 must fail, and SCDC's partial motion to dismiss will be granted. As SCDC is the only defendant, it would be impossible for Norris to remedy the insufficiencies of his complaint, and therefore the Court will dismiss the claims with prejudice.

Having determined Norris's federal claims must be dismissed, only his claims pursuant to state law remain. Although this Court has jurisdiction over those claims, it "decline[s] to exercise supplemental jurisdiction" over them because it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. Therefore, the remainder of Norris's claims will be remanded to state court.

## V. CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court sustains the objections, adopts the Report to the extent it is consistent with this Order, and incorporates those portions herein. For the reasons given above, Norris's motion to remand (ECF No. 32) is **DENIED**. Further, SCDC's partial motion to dismiss will be **GRANTED**, and Norris's claims under federal law will be **DISMISSED WITH PREJUDICE**.

The remainder of Norris's claims will be remanded to state court. Accordingly, his subsequent motions to remand (ECF Nos. 59, 69), are **DEEMED AS MOOT**. Norris's remaining motions will be **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 24th day of August, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of their right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.